**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | |
|---|---|
| **QWEST CORPORATION d/b/a CENTURYLINK QC,**<br><br>  **Plaintiff,**<br><br>vs.<br><br>**LANGMAN CONSTRUCTION, INC.,**<br><br>  **Defendant.** | **CIVIL NO.** |

**COMPLAINT**

COMES NOW Plaintiff, Qwest Corporation d/b/a CenturyLink QC ("Plaintiff" or "CTL"), and for its Complaint against Defendant, Langman Construction, Inc. ("Defendant" or "Langman"), alleges and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff CTL is a Colorado corporation with its principal place of business in Monroe, Louisiana.

2. Defendant Langman is an Iowa corporation with its principal place of business in Rock Island, Illinois.

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists and the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. This Court has personal jurisdiction over Defendant because the events giving rise to this action occurred in or near Waterloo, Black Hawk County, Iowa and Davenport, Scott County, Iowa.

5. Defendant Langman conducts business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in or near Waterloo, Black Hawk County, Iowa and Davenport, Scott County, Iowa. Venue is therefore proper in this Court and District pursuant to 28 U.S.C. §§ 95(b)(5), 1391(b), (d).

## BACKGROUND INFORMATION

6. Plaintiff CTL is a telecommunications company which provides interstate telecommunications services to individual and commercial users. Plaintiff CTL's telecommunications services are provided through, among other means, a nationwide network of fiber-optic cable, much of which is buried underground.

7. By agreement with and/or permits from the State of Iowa, Black Hawk County, and/or the City of Waterloo, Plaintiff CTL possesses the rights to install and operate telecommunications cables at or near the intersection of West Mullan Avenue and Commercial Street, in or near Waterloo, Black Hawk County, Iowa (the "Waterloo Permit"). By virtue of the Waterloo Permit, Plaintiff CTL is entitled to an undisturbed possession of these rights. In accordance with the Waterloo Permit, CTL installed and operates telecommunications cables at or near the intersection of West Mullan Avenue and Commercial Street, in or near Waterloo, Black Hawk County, Iowa (the "Waterloo Cable").

8. By agreement with and/or permits from the State of Iowa, Scott County, and/or the City of Davenport, Plaintiff CTL possesses the rights to install and operate telecommunications cables at or near the intersection of North Division Street & West 4th Street, in or near Davenport, Scott County, Iowa (the "Davenport Permit"). By virtue of the Davenport Permit, Plaintiff CTL is entitled to an undisturbed possession of these rights. In accordance with the Davenport Permit, CTL installed and operates telecommunications cables at or near the intersection of North Division Street & West 4th Street, in or near Davenport, Scott County, Iowa (the "Davenport Cable").

## FIRST CLAIM FOR RELIEF – TRESPASS

### (Waterloo Cable)

9. Plaintiff CTL adopts and incorporates by reference all allegations above as though fully restated herein.

10. Upon information and belief, on or about August 15, 2017, Defendant Langman was, without the knowledge or consent and against the will of Plaintiff CTL, excavating with mechanized equipment at or near the intersection of West Mullan Avenue and Commercial Street, in or near Waterloo, Black Hawk County, Iowa.

11. On or about August 15, 2017, without Plaintiff CTL's knowledge or consent and against CTL's will, Defendant Langman damaged the Waterloo Cable while excavating with mechanized equipment as described in Paragraph 10 above. At the point where it was damaged, the Waterloo Cable was legally buried within the right-of-way pursuant to Plaintiff CTL's Waterloo Permit.

12. As a result of the actions and/or omissions of Defendant Langman, Plaintiff CTL has sustained disturbance to its right of use or servitude and damage to and loss of use of the Waterloo Cable which has resulted in actual damages to Plaintiff CTL, including, but not limited to, direct and indirect costs of repairs and the loss of the use of the Waterloo Cable.

13. The actions of Defendant Langman were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff CTL's rights and a conscious indifference to the consequences.

14. Defendant Langman is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

**WHEREFORE**, Plaintiff CTL prays this Court grant judgment in its favor against Defendant Langman on CTL's First Claim for Relief, awarding CTL actual damages; punitive damages in an amount sufficient to punish Defendant Langman for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF- NEGLIGENCE
### (Waterloo Cable)

15. Plaintiff CTL adopts and incorporates by reference all allegations above as if fully restated herein.

16. Defendant Langman acted negligently on or about August 15, 2017. This negligent conduct included, but is not limited to, the following:

   a. Failing to determine the approximate location of all underground utility facilities in the area of proposed excavation before beginning excavation;

   b. Failing to determine the exact location of all underground utility facilities in the area of the proposed excavation when the excavation approached the approximate location of those excavations;

   c. Failing to plan the excavation to avoid interference with, or damage to, underground utility facilities;

   d. Failing to take adequate measures to ensure the Waterloo Cable would not be damaged during the excavation work described in Paragraph 10 above;

   e. Failing to avoid the use of a power operated or power driving excavating equipment within 18 inches, horizontally, of the Waterloo Cable;

  f. Failing to adequately train its employees involved with the excavation with respect to the applicable statues, regulations, and industry standards regarding excavation in the area of underground utilities;

  g. Failing to adequately supervise its employees and ensure that they complied with all applicable statues, regulations and industry standards regarding excavation in the area of underground utilities;

  h. Failing to use due care when excavating in and around buried fiber-optic cable; and

  i. Failing to adhere to applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they related to the protection of underground utilities.

 17. As a result of the actions and/or omissions of Defendant Langman, Plaintiff CTL has sustained damage to and loss of use of the Waterloo Cable which has resulted in actual damages to CTL, including, but not limited to, direct and indirect costs of repair, and the loss of the use of the Waterloo Cable.

 18. The actions of Defendant Langman were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff CTL's rights and a conscious indifference to the consequences.

 19. Plaintiff CTL alleges that Defendant Langman's aforementioned acts and/or omissions constitute negligence per se and that said acts and/or omissions were a direct and proximate cause of CTL's damages.

 **WHEREFORE**, Plaintiff CTL prays this Court grant judgment in CTL's favor against Defendant Langman on CTL's Second Claim for Relief, awarding CTL actual damages; punitive damages in an amount sufficient to punish Defendant Langman for its actions; interest thereon as

allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

### THIRD CLAIM FOR RELIEF – TRESPASS

### (Davenport Cable)

20. Plaintiff CTL adopts and incorporates by reference all allegations above as though fully restated herein.

21. On or about March 13, 2019, Defendant Langman was, without the knowledge or consent and against the will of Plaintiff CTL, excavating with mechanized equipment at or near the intersection of North Division Street & West 4th Street, in or near Davenport, Scott County, Iowa.

22. On or about March 13, 2019, without Plaintiff CTL's knowledge or consent and against CTL's will, Defendant Langman damaged the Davenport Cable while excavating with mechanized equipment as described in Paragraph 21 above. At the point where it was damaged, the Davenport Cable was legally buried within the right-of-way pursuant to Plaintiff CTL's Davenport Permit.

23. As a result of the actions and/or omissions of Defendant Langman, Plaintiff CTL has sustained disturbance to its right of use or servitude and damage to and loss of use of the Davenport Cable which has resulted in actual damages to Plaintiff CTL, including, but not limited to, direct and indirect costs of repairs, and the loss of the use of the Davenport Cable.

24. The actions of Defendant Langman were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff CTL's rights and a conscious indifference to the consequences.

25.     Defendant Langman is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

**WHEREFORE**, Plaintiff CTL prays this Court grant judgment in its favor against Defendant Langman on CTL's Third Claim for Relief, awarding CTL actual damages; punitive damages in an amount sufficient to punish Defendant Langman for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF- NEGLIGENCE
### (Davenport Cable)

26.     Plaintiff CTL adopts and incorporates by reference all allegations above as if fully restated herein.

27.     Defendant Langman acted negligently on or about March 13, 2019.  This negligent conduct included, but is not limited to, the following:

    a.     Failing to determine the approximate location of all underground utility facilities in the area of proposed excavation before beginning excavation;

    b.     Failing to determine the exact location of all underground utility facilities in the area of the proposed excavation when the excavation approached the approximate location of those excavations;

    c.     Failing to plan the excavation to avoid interference with, or damage to, underground utility facilities;

    d.     Failing to take adequate measures to ensure the Davenport Cable would not be damaged during the excavation work described in Paragraph 21 above;

  e. Failing to avoid the use of a power operated or power driving excavating equipment within 18 inches, horizontally, of the Davenport Cable;

  f. Failing to adequately train its employees involved with the excavation with respect to the applicable statues, regulations, and industry standards regarding excavation in the area of underground utilities;

  g. Failing to adequately supervise its employees and ensure that they complied with all applicable statues, regulations and industry standards regarding excavation in the area of underground utilities;

  h. Failing to use due care when excavating in and around buried fiber-optic cable; and

  i. Failing to adhere to applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they related to the protection of underground utilities.

  28. As a result of the actions and/or omissions of Defendant Langman, Plaintiff CTL has sustained damage to and loss of use of the Davenport Cable which has resulted in actual damages to CTL, including, but not limited to, direct and indirect costs of repair, and the loss of the use of the Davenport Cable.

  29. The actions of Defendant Langman were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff CTL's rights and a conscious indifference to the consequences.

  30. Plaintiff CTL alleges that Defendant Langman's aforementioned acts and/or omissions constitute negligence per se and that said acts and/or omissions were a direct and proximate cause of CTL's damages.

**WHEREFORE**, Plaintiff CTL prays this Court grant judgment in CTL's favor against Defendant Langman on CTL's Fourth Claim for Relief, awarding CTL actual damages; punitive damages in an amount sufficient to punish Defendant Langman for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

DATED this 12th day of August, 2022.

*/s/ Anthony Osborn*
Anthony Osborn
GEHLING OSBORN LAW FIRM, PLC
600 4th Street, Suite 900
Sioux City, IA  51101
Telephone:  (712) 226-4602
Email:  Anthony@golawfirm.com

**ATTORNEYS FOR PLAINTIFF QWEST CORPORATION d/b/a CENTURYLINK QC**

2649317.1:510975.02860